NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH BAKER,<br><br>        Plaintiff,<br><br>v.<br><br>SUN LIFE AND HEALTH INSURANCE COMPANY,<br><br>        Defendant. | Case No. 13-cv-1445 (SDW) (SCM)<br><br>**OPINION**<br><br><br>April 11, 2017 |

**WIGENTON**, District Judge.

Before this Court are two separate Motions for Summary Judgment filed by Plaintiff Kenneth Baker ("Baker" or "Plaintiff") and Defendant Sun Life and Health Insurance Company "Sun Life" or "Defendant"), both brought pursuant to Federal Rule of Civil Procedure 56.

This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

    **I.    BACKGROUND AND PROCEDURAL HISTORY**

This Court assumes the parties' familiarity with the factual background and procedural history of this case and reviews only that which is relevant to the present motions. In July 2014, both Plaintiff and Defendant moved for summary judgment on Plaintiff's claims that he was

wrongfully denied benefits in violation of the Employee Retirement Income Security Act ("ERISA"). (Dkt. Nos. 27, 28.)[1] This Court, after finding that arbitrary and capricious was the appropriate standard of review to apply to the denial of benefits, granted summary judgment in favor of Defendant. (Dkt. No. 41.) Plaintiff appealed this decision to the United States Court of Appeals for the Third Circuit.

On March 18, 2016, the Third Circuit issued an opinion vacating this Court's judgment and remanding the case for further proceedings because it found that "a genuine issue of material fact exists with respect to the threshold issue of the contract provisions and the appropriate standard of review." *Baker v. Sun Life & Health Ins. Co.*, 644 F. App'x 164, 166 (3d Cir. 2016). After this Court restored the matter to its active docket, the Magistrate Judge issued a scheduling order reopening discovery. (Dkt. Nos. 47, 53.) At the conclusion of this discovery, the parties again each filed for summary judgment. (Dkt. Nos. 63, 64.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for

---

[1] For clarity, this Court will cite to the docket entry number when citing to documents that have been electronically filed with the Court.

the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue

for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

## III. DISCUSSION

When the Third Circuit found that a genuine issue of material fact existed with respect to the appropriate standard of review, it did not address the merits of Plaintiff's claims. *Baker v. Sun Life & Health Ins. Co.*, 644 F. App'x 164, 166 (3d Cir. 2016). Before this Court, therefore, is which standard of review should be applied to the denial of Plaintiff's claim for benefits. However, Plaintiff now concedes that arbitrary and capricious is the appropriate standard. (Dkt. No. 63 at 2 n.2, 5.) This Court has already analyzed Plaintiff's claims under this standard and concluded that Defendant's denial of benefits was supported by substantial evidence. (Dkt. No. 41.) Having found that the denial of benefits was not arbitrary or capricious, this Court again declines to disturb Defendant's determination.[2]

---

[2] Plaintiff asks this Court to consider additional discovery that was not part of the original record in this matter. (Dkt. No. 65 at 2.) It is well-established that the decision to reopen the record upon remand is within the sound discretion of the district court. *See, e.g., Taylor Milk Co. v. Int'l Bd. of Teamsters*, 69 F. App'x 71, 73 (3d Cir.2003); *Ferranti Int'l, PLC v. Jasin*, 47 F. App'x 103, 105 (3d Cir. 2002); *Pittsburgh Press Club v. United States*, 579 F.2d 751, 755 (3d Cir. 1978). There is no good cause to reopen the record at this stage, particularly given Plaintiff's recent concession that the arbitrary and capricious standard of review applies.

## IV. CONCLUSION

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment. An appropriate Order follows.

                                                      s/ *Susan D. Wigenton*
                                                     **SUSAN D. WIGENTON**
                                                     **UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Hon. Steven C. Mannion, U.S.M.J.
               Parties